

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Richard S. Morris
County Attorney
Armstrong County
Claude, Texas

Dear Sir:

Opinion No. O-1277
Re: Whether the provisions of
Article 3899, Revised Civil
Statutes, as amended, are
applicable to a county judge
as the ex officio county
superintendent.

Your request for an opinion from this Department,
as contained in your letter of August 12, 1939, has received
our careful consideration.

You state in your letter that the county judge is
compensated on a fee basis, and that the county has a popula-
tion of three thousand, three hundred and twenty-nine (3,329).
After quoting Article 2701, Revised Civil Statutes, 1925, as
amended, and other statutory provisions, your question reads
as follows:

"Under the above set forth circumstances
and statutes is an ex officio county superin-
tendent required by the quoted portion of Art-
icle 3899 to return an itemized and sworn state-
ment of his actual and necessary office and
traveling expenses as ex officio county superin-
tendent?"

Article 2701, Revised Civil Statutes, 1925, as amend-
ed, Acts of 1935, 44th Legislature, Second Called Session, pro-
vides:

"In each county having no school superin-
tendent, the county judge shall be ex officio
county superintendent and shall perform all
the duties required of the county superinten-
dent in this chapter. He shall give bond in
the sum of One Thousand Dollars ($1,000)

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Richard S. Morris, Page 2

payable to and to be approved by the County Board of Trustees of the respective counties and conditioned for the faithful performance of his duties. The salary of the ex officio Superintendents of Public Instruction in all counties in Texas shall be, from and after September 1, 1936, paid from the State and County Available School Fund."

Article 3888, Revised Civil Statutes, 1925, as amended, by the 44th Legislature, Second Called Session, and contained in the same chapter with the aforementioned amendment, provides for a salary to be paid the ex officio county superintendent, not to exceed Nine Hundred Dollars ($900) a year.

Article 2700, Revised Civil Statutes, 1925, and its relevant provision pertaining to the office and traveling expense of the county superintendent provides:

"* * * * In making the annual per capita apportionment to the schools, the county school trustees shall also make an annual allowance out of the State and County available funds for salary and expenses of the office of the county superintendent, and the same shall be prorated to the schools coming under the supervision of the county school superintendent. The compensation herein provided for shall be paid monthly upon the order of the county school trustees; provided, that the salary for the month of September shall not be paid until the county superintendent presents a receipt from the State Superintendent showing that he has made all reports required of him. The county board of trustees may make such further provision as it deems necessary for office and traveling expenses for the county superintendent and any assistant he may have; provided that expenditures for office and traveling expenses shall not exceed three hundred dollars per annum, * * * * *."

Article 3899, Revised Civil Statutes, 1925, as amended, and its relevant provision, in part, reads as follows:

Honorable Richard S. Morris, Page 3

"(a) At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on official's bonds, including the cost of surety bonds for his Deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses."

The county judge would not, under the constitution, be allowed to hold two offices (with certain exceptions not including the county superintendent) and when acting as ex officio county superintendent he is merely assuming additional duties imposed upon him by law. Being a county officer and named in the Maximum Fee Bill Statutes, this Department has consistently ruled that such salary allowed to the county judge as ex officio county superintendent by the county school trustees is to be included in computing the maximum and excess fees allowed to be retained by said county officer. The statutes are silent as to expressly allowing office and traveling expense to an ex officio county superintendent, however, such officer and traveling expenses as provided in the provision of Article 2700, supra, and allowed to the county superintendent, would impliedly be authorized to be paid to the county judge, being necessarily incidental to his performance of the duties of that office. Where any office and traveling expense is allowed to the county judge by the county school trustees, it is our view that only the actual and necessary office and traveling expense incurred, not to exceed Three Hundred Dollars per annum, would be authorized and that such expense should be included in the monthly report of the county judge under the provisions of Article 3899, as amended. If for no other reason, such is in keeping with a general public policy adopted by the Legislature, that where expenses are authorized "not to exceed" a certain amount, only the actual and necessarily incurred expense is meant.

It is, therefore, the opinion of this Department that such actual and necessary office and traveling expense allowed

Honorable Richard S. Morris, Page 4

to the county judge as ex officio county superintendent should be shown on his monthly report required by Article 3899, Revised Civil Statutes, 1925, as amended.

Trusting the above answers your question, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. R. King
Assistant

WmK:RS

APPROVED OCT 2, 1939

_____
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN